No. 53188.—General Exporting Company *v.* United States, protests 108181–K and 110856–K (Detroit).

EKWALL, Judge:   These cases, which have been consolidated are directed against the refusal of the collector of customs to accept warehouse withdrawals or to deliver an importation of Scotch whisky to the plaintiff, or to sell it at public auction under the provisions of section 559 of the Tariff Act of 1930.

The cases appeared on the calendar of this court and were continued from time to time and were finally set down peremptorily.   At the final hearing there was no appearance on the part of the plaintiff, although duly notified of the time and place of hearing.   Government counsel moved in evidence the collector's various letters of transmittal together with a letter of January 12, 1944, from an assistant United States attorney in which the history of other litigation involving this merchandise is set forth.   There was also offered and received in evidence on behalf of the Government the decision of the U. S. Circuit Court of Appeals, Sixth Circuit, reported as *General Exporting Co.* v. *Star Transfer Line et al.*, 136 F. 2d 329, involving this merchandise, in which the history of the litigation is recited by the court; also certified copies of the pleadings and the decree of the Supreme Court of the State of Michigan in the case of *Star Transfer Line*, the warehouseman handling this whisky, v. the *General Exporting Company*, the plaintiff herein, and *Southard & Company, Ltd.*, an English corporation, the ship-

per of the merchandise, were offered and received in evidence. There were also offered and received certified copies of the complaint, findings of fact and conclusions of law, and the judgment of the U. S. District Court, Eastern District of Michigan, in a case brought by Southard & Company, Ltd. *v.* the warehouseman and the collector of customs in Detroit, involving this merchandise.

In view of our conclusion it would serve no useful purpose to set out in detail the various steps of this litigation. Suffice it to say that Southard & Company, Ltd. of London was declared to be the sole owner of the whisky here involved; that a special master in chancery was appointed by the court to execute the warehouse withdrawal for consumption documents and any other documents necessary to carry out the court's decree, the court's injunction reading as follows:

All persons having notice of this judgment shall be and are hereby permanently enjoined and restrained from commencing any action of any nature or description whatsoever, against Star Transfer·Line and Martin R. Bradley, as Collector, for or in connection with any matter, cause or thing whatsoever, arising out of or in connection with the subject matter of this proceeding.

The aforesaid subject matter of that proceeding was the whisky now before the court.

As the real question presented by the pleadings is dependent upon the ownership of the whisky in suit, and that question has been decided by a court of competent jurisdiction, it is the opinion of the court and we so hold that the motion of the Government to dismiss be and the same is hereby granted.

Judgment will therefore issue dismissing the protest.